Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
(602) 445-9819
(866) 565-1327 facsimile
mmeyers@attorneysforconsumers.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Stumpo, on behalf of himself and and all others similarly situated, )<br><br>          Plaintiff, )<br><br>vs. )<br><br>Bureau of Collection Recovery, LLC, Aditya Birla Minacs, and Sameer Maini, in his individual capacity, )<br><br>          Defendants. ) | Case No.<br><br>**ORIGINAL CLASS ACTION COMPLAINT** |

**NATURE OF ACTION**

1.     This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this

district, where Plaintiff reside in this State and this district, and where Defendants transacts business in this State and this district.

## PARTIES

4.     Plaintiff Joseph Stumpo ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Bureau of Collection Recovery, LLC[1] ("BCR"), is a Minnesota corporation[2] which at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     BCR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     BCR can be served by and through its registered agent: CT Corporation System, 2394 E Camelback Rd., Phoenix, AZ  85016.

9.     Defendant Aditya Birla Minacs ("ABM"), is a corporation which at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10.     ABM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.     Defendant Sameer Maini is an individual who was at all relevant times engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.     Mr. Maini is a debt collector as defined by 15 U.S.C. § 1692a(6).

---

[1] Defendant also does business as Bureau of Recovery, Inc.
[2] Arizona File Number: R-1539148-8.

13.   "Defendants" may be used in reference to BCR, ABM, and Mr. Maini, collectively.

## FACTUAL ALLEGATIONS

14.   Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor – originally Verizon Wireless – other than Defendants

15.   Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

16.   Defendant BCR uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17.   Defendant ABM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18.   Defendant Sameer Maini uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## I.      DEFENDANTS' CONSUMER DEBT COLLECTION BUSINESS.

19.      Aditya Birla Minacs ("ABM") is a business and technology outsourcing solutions company with headquarters in Bangalore, India; Toronto, Canada; and Detroit (Farmington Hills), USA.

20.      With 17,800 employees (as of November 2010) and 33 operations centers in Canada, Germany, Hungary, India, Jamaica, Philippines, the UK, and the USA, ABM provides the manufacturing, banking, financial services, insurance, telecom, high technology, media, and entertainment, healthcare, and government and public sectors with outsourced customer lifecycle and debt collection services.

21.      ABM acquired BCR on or about June 2, 2010.  (*See* ABM June 2, 2010 Press Release attached hereto as Exhibit "B") ("With this acquisition, Minacs' clients will now have access to BCR's team of collections experts and its experienced top management.").

22.      "Commenting on the deal, Deepak Patel, CEO - Aditya Birla Minacs says, 'This is Minacs' second acquisition in three months and demonstrates our commitment to the strategic mission of building new capabilities.  In addition to its proven expertise, BCR has a very strong operating model with a consistently growing top and bottom line.  Its capabilities are adjacent to Minacs' core customer lifecycle services and enhance our ability to successfully win and deliver end-to-end solutions to our clients.'" (Exhibit "B").

23.      ABM markets debt collection services to its clients and performs those services for its clients through BCR.

Original Class Action Complaint 4

24.    ABM markets debt collection services to its clients and utilizes BCR to perform those services for its clients.

25.    ABM markets debt collection services on behalf of BCR.

26.    BCR relies on ABM to market BCR's debt collection services and to procure the consumer debt portfolios upon which BCR attempts to collect.

27.    ABM's Internet website advertises:  "At BCR (Bureau of Collection Recovery), Minacs' accounts receivable management (ARM) subsidiary, we use a multi-dimentional approach to collections by focusing on customer retention at one level and working with first and third party programs throughout the debt aging lifecycle." (Exhibit "C").

28.    ABM further advertises:  "WHY MINIACS?  Our collectors work on 300-400% more accounts than our competitors with our accelerator technology and domain-leading expertise.  State of the art technology investments (predictive dialer, multi-platform collections applications, sophisticated, high-speed voice and data networks) ensure better than industry success rates."  (Exhibit "C").

29.    ABM further advertises:  "WHY MINIACS?: Our receivables management solutions are designed to improve roll rates, retain profitable customers and maximize revenues.  Minacs' BCR subsidiary is ISO 17799 certified, protecting identity and data at the highest level. Multi-lingual, multi-shore experience: we have the ability to collect internationally and across all 50 states of the United States."  (Exhibit "D").

30.    ABM further advertises:  "WHY MINIACS?  Minacs' BCR subsidiary uses superior dialing technology to meet productivity goals of high penetration and low nuisance calls for increased favorable outcomes.  Our solutions defeat call blocking

technologies to reach customers who may otherwise never be contacted by a predictive dialer campaign."

31.   ABM further advertises:  "While the technologies in use at Minacs' BCR subsidiary are in themselves impressive, we believe that only with attention to the details of training and management support, can we truly bring their advantages to bear for our customer's success."  (Exhibit "E").

## II.   INFRASTRUCTURE AND TECHNOLOGIES: DEFENDANTS' CALL CENTERS AND AUTOMATIC TELEPHONE DIALING SYSTEM.

32.   ABM and BCR employ over 350 people located at BCR call centers in Eden Prairie, Minnesota; Wilmar, Minnesota; and New Delhi, India.

33.   For the purpose of collecting consumer debts, Defendants utilize Avaya Mosaix predictive dialing systems, an NEC PBX, sophisticated high speed voice and data networks, and a UniversalSystems™Accelerator.

34.   Defendants view Dialer strategy as a key metric.

35.   Defendants' Dialer strategy represents the frequency to which Defendants dial accounts in a debt portfolio using their automated dialing system.

36.   Defendants' strategy includes multiple profile separation of consumer and business accounts, and automated calling of a consumer's place of employment (POE), and home.

37.   Defendants utilize the UniversalSystems™Accelerator to enhance the efficiency of their automatic dialing systems by "squeezing every possible bit of productivity out of the technology."

Original Class Action Complaint 6

38.   The UniversalSystems™Accelerator increases the productivity of the dialer, while ensuring that the most experienced collectors are available to talk to the called party, dramatically increasing the likelihood of a successful outcome.

39.   Defendants utilize their automatic dialing system with the UniversalSystems™Accelerator, to dial "tens of thousands of consumer phone numbers and send[] live contacts to a transfer agent, who determines if the person on the phone is the 'right party' (RPC) and then forwards that consumer to a collector."  (Exhibit "A").

40.   Defendant BCR advertises on its Internet website:  "Put us to the test, let us take you to a new level of expectation – dialing is our business."[3]

## III.   DEFENDANT SAMEER MAINI'S INDIVIDUAL LIABILITY.

41.   Mr. Maini has held the position of BCR Chief Technology Officer since January 2006.  (Exhibit "F").

42.   Mr. Maini's senior management role is multifaceted.  Mr. Maini's direct and indirect debt collection activities are significant.  They include, without limitation: (1) providing critical direction and strategic leadership, (2) providing guidance for design, deployment, and management of voice and data infrastructure for both US and India Contact Centers, (3) managing vendor selection, purchasing, budgeting, and asset management ensuring positive return on investment capital and expense dollars, (4) maximizing productivity of rapidly growing call centers by managing and proactively suggesting process improvements for call center infrastructure.  (Exhibit "F").

43.   Mr. Maini's direct and indirect debt-collection work has included, without limitation: (1) establishing fail-over technology and procedures reducing downtime from

[3] http://bureauofcollection.com/bcradv.html .

30% to 5% thus increasing agent productivity, (2) implementing thin client architecture for agent workstations reducing IT man-hours by 25%, (3) creating an organizational structure that provided a clear career path for team members and developed in-house talent, which reduced annual support cost with third party vendors by 200%, (4) implementing security policies and infrastructure to adhere to PCI standards, (5) overseeing migration of the collection system from ACA to Latitude, achieving system PCI compliance and scalability for future growth, (5) implementing policies and procedures to comply with ISO 17799 standards, (6) implementing Disaster Recovery and Business Continuity Plans to support newly instated procedures, (7) negotiating new telecommunication contracts resulting in saving of 18% per annum in telecom cost, (8) upgrading three Avaya Predictive Dialing System (PDS) to 12.0 resulting in $240,000 cost savings.

44.    Mr. Maini played a key role in maintaining and expanding Defendants' debt collection activities throughout the class period.

45.    Mr. Maini exercised control over the affairs of BCR and/or ABM and regularly engaged, directly and indirectly, in the collection of debts.

46.    Mr. Maini directly and/or indirectly participated in the collection activities of BCR and/or ABM.

47.    As corporate officer Mr. Maini exercised significant control over the affairs of a debt collection business through BCR and/or ABM and was at all times relevant engaged, directly or indirectly, in the collection of debts through involvement in the affairs of BCR and/or ABM.

48.   Mr. Maini materially participated in collecting or attempting to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, by occupying positions of critical importance to BCR and/or ABM.

49.   The Sixth Circuit Court of Appeals and most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA.  *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 617 (D. Utah 2005); *Carvana v. MFG Fin., Inc*., No. 2:07-CV-00128-DAK, 2008 WL 2468539 (D. Utah); *del Campo v. Kennedy*, 491 F.Supp.2d 891, 903 (N.D. Cal. 2006); *Albanese v. Portnoff Law Assocs., Ltd*., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D. Conn. 1999); *Brink v. First Credit Res*., 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Ditty v. CheckRite, Ltd*., 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc*., 912 F. Supp. 1354, 1372 (E.D. Cal. 1995); *Teng v. Metro. Retail Recovery Inc*., 851 F. Supp. 61, 67 (E.D.N.Y. 1994).

50.   "Although the Seventh Circuit Court of Appeals has held otherwise, the courts in this district have ruled that individuals who satisfy this statutory definition can be held personally liable under the FDCPA without piercing the corporate veil." *Carvana*, 2008 WL 2468539 at *2 (D. Utah) (citing *Ditty* 973 F. Supp. at 1336 (D. Utah 1997); *Brumbelow*, 372 F. Supp. 2d at 617-22 (D. Utah 2005) (noting that the Seventh Circuit Court of Appeals has reached a decision contrary to Judge Tena Campbell in Ditty, but deciding, after thoroughly reviewing both sides, that the holding in Ditty best reflects Congress's intention in adopting the FDCPA).

51.     Here there is no issue of piercing the corporate veil or disregarding the corporate entity before Mr. Maini can be held personally liable for the violations of the FDCPA alleged in this complaint. *Carvana*, 2008 WL 2468539 at *2; *Kistner* , 518 F.3d at 437 (6th Cir. 2008).

52.     An individual, regardless of rank or status, is personally liable under the FDCPA if the individual: (1) materially participated in collecting the debt at issue, del Campo v. Kennedy, 491 F. Supp. 2d 891, 903 (N.D. Cal. 2006); *Brink v. First Credit Res*., 57 F. Supp. 2d 848, 862 (D. Ariz. 1999); (2) "exercise[d] control over the affairs of [the] business," Piper v. Portnoff Law Assocs., 274 F. Supp. 2d 681, 689-90; (3) was personally involved in the collection of the debt at issue," *Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999); or (4) "was regularly engaged, directly and indirectly, in the collection of debts*." Kistner v. Law Offices of Michael P. Margelefsky, L.L.C*., 518 F.3d 433, 438 (6th Cir. 2008) (*quoting Ditty*, 973 F.Supp. at 1337 (D. Utah 1997)).

## IV.     DEFENDANTS' ATTEMPTS TO COLLECT AN ALLEGED DEBT FROM PLAINTIFF USING AN AUTOMATIC TELEPHONE DIALING SYSTEM.

53.     On or about August 3, 2010, at or near 4:50PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

54.     On or about August 4, 2010, at or near 5:58PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without

Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

55.    On or about August 9, 2010, at or near 5:58PM, 6:00PM, and 6:01PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than three non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

56.    On or about August 14, 2010, at or near 10:14AM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

57.    On or about August 16, 2010, at or near 1:10PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

58.    On or about August 17, 2010, at or near 10:47AM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or

alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

59. On or about August 18, 2010, at or near 11:09AM and 10:16PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than two non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

60. On or about August 20, 2010, at or near 11:32AM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

61. On or about August 23, 2010, at or near 8:50PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

62. On or about August 24, 2010, at or near 3:45PM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without

Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

63.     On or about August 25, 2010, at or near 8:21AM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

64.     On or about August 26, 2010, at or near 10:42AM, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place no less than one non-emergency telephone call to Plaintiff's cellular telephone number, without Plaintiff's prior consent, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

65.     Upon information and belief, Defendants, as a matter of pattern and practice, willfully and knowingly utilize an automatic telephone dialing system, without prior consent, to make and/or place non-emergency telephone calls to persons' cellular telephone numbers in effort to collect from them obligations, or alleged obligation, owed or due, or asserted to be owed or due creditors other than Defendants.

66.     On or about August 3, 2010, at or near 4:50PM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time. Again that number is 18882768572.

Link to Recording.

67.     On or about August 9, 2010, at or near 5:58PM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time. Again that number is 18882768572.

Link to Recording.

68.     On or about August 14, 2010, at or near 10:14AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

Call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time. Again that number is 18882768572.

Link to Recording.

69.     On or about August 17, 2010, at or near 10:47AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time. Again that number is 18882768572.

Original Class Action Complaint 14

Link to Recording.

70.     On or about August 18, 2010, at or near 10:47AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

71.     On or about August 20, 2010, at or near 11:32AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

72.     On or about August 23, 2010, at or near 8:50PM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

73.     On or about August 24, 2010, at or near 3:45PM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

74.     On or about August 25, 2010, at or near 8:21AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please Call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

75.     On or about August 26, 2010, at or near 10:42AM, Defendants knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

Link to Recording.

76.     Upon information and belief, Defendants, as a matter of pattern and practice, knowingly and willfully initiate telephone calls to persons' residential and/or

Original Class Action Complaint 16

cellular telephone numbers to deliver prerecorded voice messages/voice recordings substantially similar or materially identical to the prerecorded voice message/voice recording delivered to Plaintiff on or about August 3, 9, 14, 17, 18, 20, 23, 24, 25, and 26, 2010.

## CLASS ALLEGATIONS

77.     Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent a class of individuals defined by two distinct subclasses of individuals:

    i.    All persons located in the Ninth Circuit who, within one year before the date of this complaint, received a voice message/voice recording from Defendants in connection with an attempt to collect any consumer debt, where the voice message was substantially similar or materially identical to the standardized messages delivered to Plaintiff.

    ii.    All persons located in the Ninth Circuit, who, within four years before the date of this complaint, received on their cellular telephone line a non-emergency call initiated by Defendants using an automatic telephone dialing system absent prior express consent.

78.     The proposed class specifically excludes The United States of America, the states of the Ninth Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of The United States Court of Appeals for the Ninth Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendants and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

79.     The class is averred to be so numerous that joinder of members is impracticable.

80.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

81.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

82.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 et. seq., and 47 U.S.C. §227; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

83.     The claims of Plaintiff are typical of those of the class(es) he seeks to represent.

84.     The claims of Plaintiff and of the class(es) originate from the same conduct, practice, and procedure, on the part of Defendants.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

85.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

86.     Plaintiff will fairly and adequately protect the interests of the class(es) and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class(es).

Original Class Action Complaint 18

87.     Plaintiff is willing and prepared to serve this Court and proposed class(es).

88.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

89.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

90.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class(es) would, as a practical matter, be dispositive of the interests of other members of the class(es) who are not parties to the action or could substantially impair or impede their ability to protect their interests.

91.     The prosecution of separate actions by individual members of the class(es) would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.   Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

92.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class(es), making final declaratory or injunctive relief appropriate.

Original Class Action Complaint 19

93.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class(es) predominate over any questions affecting only individual members.

94.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

95.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 94.

96.    15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *      *      *
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

97.     "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.  *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

98.     A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt."  *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

99.      "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'"  *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

100.     On or about August 3, 9, 14, 17, 18, 20, 23, 24, 25, and 26, 2010, Defendants knowingly and willfully initiated telephone calls to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

(*Supra* at ¶¶66-76).

101.     Defendants violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

Original Class Action Complaint 21

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendants violated 15 U.S.C. § 1692d(6).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

102.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 101.

103.   15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*       \*       \*

Original Class Action Complaint 22

(11) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

104. "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (S.D. N.Y. 2006), citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988); *see also Romine v. Diversitied Collection Servs.*, 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

105. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff voice messages not only vague enough to provoke a recipient to return the calls in haste, but which would deceptively entice a consumer to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

106. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 105.

107. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

108. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc.*

Original Class Action Complaint 24

*Collection Div., Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor''s answering machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

109.   On or about August 3, 9, 14, 17, 18, 20, 23, 24, 25, and 26, 2010, Defendants knowingly and willfully initiated telephone calls to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following prerecorded voice message/voice recording:

> Please call BCR at 18882768572. Our hours of operation are Monday though Friday from 8AM until 5PM central standard time.  Again that number is 18882768572.

(*Supra* at ¶¶66-76).

110.   Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.   Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b.   Adjudging that Defendants violated 15 U.S.C. § 1692e(11).

c.   Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

    d.   Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

    e.   Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

    f.   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

111.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 110.

112.   47 U.S.C. § 227(B)(A)(iii) provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> *    *    *
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *    *    *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(B)(A)(iii).

113.   Defendants violated 47 U.S.C. § 227(b)(A)(iii) by willfully and knowingly using an automatic telephone dialing system to make and/or place non-emergency telephone calls to Plaintiff's cellular telephone line absent Plaintiff's prior consent. (*Supra* at ¶¶51-63) (nonexclusive list of automated telephone dialing system communications).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendants violated 47 U.S.C. § 227(b)(A)(iii);

c)   Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d)   Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

e)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

114.   Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated:  Monday, January 31, 2011.          Respectfully submitted,

                                  By: s/ Marshall Meyers
                                      Marshall Meyers (020584)
                                      WEISBERG & MEYERS, LLC
                                      5025 North Central Ave., #602
                                      Phoenix, Arizona 85012
                                      (602) 445-9819
                                      (866) 565-1327 (fax)
                                      mmeyers@attorneysforconsumers.com

                                      *Attorney for Plaintiff*
                                      JOSEPH STUMPO